UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| BOSTON INMAN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:15-CV-341-TAV-HBG |
| STATE FARM FIRE AND CASUALTY CO., | ) | |
| Defendant. | ) | *Consolidated with* |
| KATHERINE INMAN, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:15-CV-342-TAV-HBG |
| STATE FARM FIRE AND CASUALTY CO., | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This civil action is before the Court on defendant's Motion for Partial Summary Judgment [Doc. 25]. Plaintiffs did not respond to the motion, and their time in which to do so has expired. *See* E.D. Tenn. L.R. 7.1. For the reasons discussed herein, the Court will grant defendant's motion.

I.  **Background**

Defendant issued a homeowner's insurance policy to plaintiff Boston Inman effective January 5, 2014, through January 5, 2015, covering property located at 865 Cline Road, Tazewell, TN 37879 [Doc. 25-2 p. 12]. Plaintiff Katherine Inman is an additional insured on the policy [*Id.* at 40].

The insurance policy includes the following provisions:

**DEFINITIONS**

"You" and "your" mean the "named insured" shown in the Declarations. Your spouse is included if a resident of your household. "We", "us" and "our" mean the Company shown in the Declarations.
. . .

4.  "insured" means you and, if a resident of your household:
    a.  your relatives; and
    b.  any other person under the age of 21 who is in the care of a person describe above.
. . .

**SECTION I – CONDITIONS**

12. Intentional Acts. If you or any person insured under this policy causes or procures a loss to property covered under this policy for the purpose of obtaining insurance benefits, then this policy is void and we will not pay you or any other insured for this loss.
. . .

**SECTION I AND SECTION II – CONDITIONS**

2.  Concealment or Fraud. This policy is void as to you and any other insured, if you or any other insured under this policy has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance, whether before or after a loss [Doc. 26-2 pp. 15, 29, 33].

On August 29, 2014, a fire damaged the covered home as well as some personal property inside the home [Doc. 25-1 p. 5]. The insured filed a claim with defendant [Doc. 26-2 pp. 10–11]. In a letter dated May 29, 2015, defendant stated that its investigation into the claim "revealed [Boston Inman] intentionally concealed and/or misrepresented material facts during the course of the investigation" [*Id.* at 11]. In particular, defendant provided that "[Boston Inman] concealed and misrepresented his

knowledge of and involvement in this fire, as well as, made other representations regarding the personal property being claimed" [*Id.*]. As such, defendant provided that "the policy is declared void effective August 29, 2014," and denied the claim [*Id.*].

Katherine Inman claims an interest in the real and personal property damaged in the fire [Doc. 26-1 p. 5]. On July 9, 2015, she filed suit to recover under the policy [*Id.* at 4–7]. Defendant now moves for summary judgment on the limited issue of whether the insurance policy allows for recovery based on the innocent coinsured doctrine.

## II. Standard of Review

Rule 56 of the Federal Rules of Civil Procedure provides that "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a). A "principal purpose of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of establishing that no genuine issues of material fact exist. *Celotex*, 477 U.S. at 330 n.2; *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339 (6th Cir. 1993). All facts and all inferences to be drawn therefrom must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 301 F.3d 937, 942 (6th Cir. 2002).

Yet, "[o]nce the moving party presents evidence sufficient to support a motion under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations." *Curtis Through Curtis v. Universal Match Corp.*, 778 F. Supp. 1421, 1423 (E.D. Tenn. 1991) (citing *Celotex*, 477 U.S. at 317). To establish a genuine issue as to the existence of a particular element, the nonmoving party must point to evidence in the record upon which a reasonable finder of fact could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## III. Analysis

Defendant moves for partial summary judgment on the issue of whether the insurance policy allows for recovery by an otherwise innocent coinsured.

The Tennessee Court of Appeals adopted the innocent coinsured doctrine in *Ryan v. MFA Mutual Insurance Co.*, 610 S.W.2d 428 (Tenn. Ct. App. 1980). In *Ryan*, the court interpreted an insurance policy to determine whether an innocent husband could recover under the policy when his wife set fire to the house covered by the policy. *Id.* at 428. The policy in *Ryan* generally provided that the insurance company would not be liable for fraud of "the insured," or neglect of "the insured," and would not be liable for loss occurring "while the hazard is increased by any means within the control or knowledge of the insured." *Id.* at 437. The court found that "a reasonable person, reading the provisions in the policy at issue . . . would conclude that if an insured was guilty of fraud or neglect or increasing of hazard to property, then he or she may not recover under the policy." *Id.* Under the language of the policy, it was not clear, however, whether the

4

"misconduct of any insured would bar recovery by any other insured." *Id.* The court construed that ambiguity in favor of the innocent husband and determined that the wife's misconduct did not bar the husband from recovering under the policy. *Id.*

The Supreme Court of Tennessee subsequently summarized *Ryan* as holding that a plaintiff can recover under the innocent coinsured doctrine if: (1) the insurance policy was ambiguous on whether an innocent coinsured was covered, and (2) the coinsured had a sole or separate interest in the property. *See Spence v. Allstate Ins. Co.,* 883 S.W.2d 586, 591 (Tenn. 1994).

In *Allstate Insurance Co. v. Jordan*, 16 S.W.3d 777 (Tenn. Ct. App. 1999), the Tennessee Court of Appeals revisited the application of the innocent coinsured doctrine. In *Jordan*, the insurance policy at issue excluded coverage for the intentional acts of "any insured." *Id.* at 782–83. The court determined that the innocent coinsured doctrine did not apply to this policy language because it was "clear that there can be no coverage for any insured when one of the insureds commits an intentional act for which coverage is sought." *Id.* at 783. As such, the court found that the phrase "any insured" was not ambiguous as to whether the innocent coinsured was covered, while the phase "the insured" in *Ryan* was ambiguous. *Id.*

Here, defendant asserts that Katherine Inman cannot benefit from the innocent coinsured doctrine because the plain language of the present policy is analogous to the policy language in *Jordan*. The policy here provides: "If *you or any person insured under this policy* causes or procures a loss to property covered under this policy for the

5

purpose of obtaining insurance benefits, then this policy is void and we will not pay *you or any other insured* for this loss" [Doc. 26-2 p. 29 (emphasis added)]. Furthermore, the policy states: "This policy is void as to *you and any other insured*, if *you or any other insured* under this policy has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance, whether before or after a loss" [*Id.* at 33 (emphasis added)].

Upon review of this policy language, the Court finds that the innocent coinsured doctrine is inapplicable because, like the policy in *Jordan*, the insurance policy is not ambiguous on whether an innocent coinsured is covered. The policy here explicitly provides that if "any person insured" engages in actions prohibited in the policy, the policy is void and defendant is not liable to any insured for losses. As such, the policy does not allow an innocent coinsured to recover for the losses resulting from the intentional acts of another insured. *See Zientek v. State Farm Fire & Cas. Co.*, No. 1:05-CV-326, 2007 WL 2793361, *4–5 (E.D. Tenn. Sept. 26, 2007) (granting a motion in limine regarding the innocent coinsured doctrine and finding policy language unambiguously contracted around application of that doctrine). The Court will, therefore, grant defendant's partial motion for summary judgment because there is no dispute as to a material fact that the innocent coinsured doctrine does not apply under the instant insurance policy.

The inapplicability of the innocent coinsured doctrine, however, does not result in defendant prevailing on Katherine Inman's claim. Rather, defendant only moves for

6

Case 3:15-cv-00341-TAV-HBG Document 27 Filed 03/28/17 Page 6 of 7 PageID #: 197

partial summary judgment as to part of its defense.  Accordingly, the Court finds that if the proof shows that Boston Inman caused or procured the fire, or made post-loss misrepresentations, Katherine Inman cannot prevail under the innocent coinsured doctrine.

## IV. Conclusion

For the reasons discussed herein, the Court hereby **GRANTS** defendant's Motion for Partial Summary Judgment [Doc. 25]

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE
